# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Michael Gray,

    Plaintiff

v.

Reliance Standard Life Insurance Company,

    Defendant

Case No.: 2:18-cv-01551-JAD-BNW

**Order Granting Motion to Dismiss**

[ECF No. 5]

    Plaintiff Michael Gray was the beneficiary of a long-term disability insurance policy issued by the Defendant Reliance Standard Life Insurance Company (Reliance) to the Los Angeles Police Protective League (LAPPL). Gray initially received benefits without an offset for his pension income. But Reliance's agent Matrix Absence Management (Matrix) later notified Gray that it had overpaid his benefits and would withhold further benefits until the overpayment was recovered because his policy required an offset. Gray sues Reliance on five state-law causes of action, seeking reinstatement of his long-term disability benefits. Reliance moves to dismiss Gray's complaint, arguing that Gray's long-term disability plan is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1100, *et seq.*, and thus Gray's state law claims are preempted by federal law.[1] Gray contends that his long-term disability plan is not governed by ERISA because (1) LAPPL is a governmental entity and (2) the plan is subject to ERISA's safe harbor provision, 29 C.F.R. § 2510.3-1(j).[2] Because Gray does not allege facts showing that either exception applies, I grant the motion and dismiss Gray's

---

[1] ECF No. 5.
[2] ECF No. 6.

complaint. However, I grant Gray leave to amend if he can plausibly allege that the long-term disability plan was the product of collective bargaining.

**Background**

Gray began receiving benefits under the LAPPL long-term disability plan on December 15, 2015.[3] Two days earlier, Matrix had notified him that Reliance had overpaid his benefits because it had not offset Gray's retirement pension from his benefits, as required under his policy.[4] On Gray's request, Matrix provided Gray with what purportedly was his policy.[5] Gray then informed Reliance that neither the language cited in Matrix's decision nor the policy that Matrix provided permitted an offset for Gray's retirement pension.[6] Reliance then sent Gray a different policy, which Reliance claimed was "in effect when Mr. Gray became disabled."[7] Gray contests the authenticity of this policy. On Reliance's instruction, Gray then requested all policies and policy amendments from LAPPL.[8] LAPPL provided Gray with the same document that Matrix had previously sent him.[9] The document, which Gray attached to his opposition to the motion, is a Certificate of Insurance and "contains only the major terms of insurance coverage and payment of benefits under the Policy."[10] Gray forwarded the document to Reliance, but Reliance told Gray that its review was complete,[11] and Gray responded by filing

---

[3] ECF No. 1 at ¶ 6.
[4] *Id.* at ¶ 8.
[5] *Id.* at ¶ 12.
[6] *Id.* at ¶ 14.
[7] *Id.* at ¶ 16.
[8] *Id.* at ¶ 25.
[9] *Id.* at ¶¶ 26–27.
[10] ECF No. 6-3 at 5.
[11] *Id.* at ¶¶ 27–28.

this suit.  Reliance now moves to dismiss it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**Discussion**

Rule 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[12]  While the rule does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[13]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[14]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[15]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[16]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[17]  The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[18]  A claim is facially plausible when the complaint alleges facts that

---

[12] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[13] *Twombly*, 550 U.S. at 570.

[14] *Iqbal*, 556 U.S. at 678.

[15] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[16] *Iqbal*, 556 U.S. at 678–79.

[17] *Id.*

[18] *Id.* at 679.

3

allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[19] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[20]

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[21] Otherwise, the motion must be converted into one for summary judgment. The Ninth Circuit has adopted two narrow exceptions to this rule in order to prevent plaintiffs from avoiding dismissal "by deliberately omitting references to documents upon which their claims are based."[22] A court may consider documents when (1) "the complaint necessarily relies upon the document" or (2) "the contents of the document are alleged in the complaint, the document's authenticity is not in question," and the document's relevance is not in dispute."[23] A court may also "take judicial notice of adjudicative facts not subject to reasonable dispute."[24]

**A.  ERISA Preemption**

Reliance argues that Gray's state-law claims are preempted by ERISA.[25] ERISA's preemption clause states that ERISA provisions "shall supersede . . . State laws" to the extent those laws "relate to any employee benefit plan."[26] So I must first determine whether the

---

[19] *Id.*

[20] *Twombly*, 550 U.S. at 570.

[21] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[22] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (*rev'd by statute on other grounds*).

[23] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[24] *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); FED. R. EVID. 201(a)–(f).

[25] ECF No. 5 at 7–8.

[26] 29 U.S.C. § 1144(a).

LAPPL long-term disability plan is an "employee welfare benefit plan" governed by ERISA.[27] Gray does not challenge Reliance's contention that the LAPPL long-term disability plan is an "employee welfare benefit plan" under 29 U.S.C. § 1002(1).[28] Rather, Gray argues that two exceptions—the governmental-entity exception and the regulatory safe harbor—may remove the LAPPL long-term disability plan from ERISA's protections.[29]

### 1. Governmental-entity exception

ERISA does not govern "governmental plan[s]" that are "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."[30] A plan offered by an organization representing employees of a government agency may be "established or maintained" by the government, but only if the plan itself is the product of collective bargaining.[31]

Gray argues that ERISA does not govern the LAPPL long-term disability plan because of the LAPPL's "collective bargaining *role* with the City of Los Angeles."[32] But Gray does not

---

[27] *Id.* § 1002(1).

[28] *Id.*; *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988) (defining "employee welfare benefit plan" as "(1) a plan, fund, or program (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries") (quotation omitted).

[29] ECF No. 6 at 1–2.

[30] 29 U.S.C. § 1003(b)(1); *Id.* § 1002(32).

[31] *See Peterson v. Am. Fid. Assur. Co.,* No. 3:13-CV-00097-MMD, 2013 WL 6047183, at *4 (D. Nev. Nov. 13, 2013) (governmental-entity exception not applicable when the benefit plan is not the product of collective bargaining); *Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1353 (10th Cir. 2009) (same).

[32] ECF No. 6 at 2 (emphasis added).

5

allege in his complaint—or argue in his opposition—that the long-term disability plan was itself the product of collective bargaining with the City of Los Angeles. He merely argues that Reliance has not met its burden to "prove[]" that the LAPPL long-term disability plan was not the product of collective bargaining.[33]

Although Reliance bears the burden to prove affirmative defenses like preemption,[34] Gray's complaint must include factual allegations that state a plausible claim for relief. Gray does not allege that the long-term disability plan was the product of collective bargaining. Nor does he allege any other facts showing that the City of Los Angeles established or maintained the LAPPL's long-term disability plan. I therefore cannot draw a reasonable inference that Reliance is liable for the alleged misconduct because Gray has not alleged a set of facts that is not preempted by federal law.[35] So I find that the governmental-entity exception does not apply. But because it is not clear that amendment would be futile, I grant Gray leave to amend to add factual allegations that the LAPPL long-term disability plan is a "governmental plan," if he has a factual basis to do so.[36]

### 2. Safe-harbor regulation

The U.S. Department of Labor's safe-harbor regulation excludes from the definition of "employee welfare benefit plan" insurance programs that meet all four of the following requirements:

---

[33] *Id.* at 4

[34] *See Kanne*, 867 F.2d at 492 n.4.

[35] *See Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942–43 (9th Cir. 2008) (affirming dismissal where plaintiff had not alleged fact necessary to ERISA exception).

[36] *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") (quotation omitted).

6

    (1) No contributions are made by an employer or employee organization;

    (2) Participation in the program is completely voluntary for employees or members;

    (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

    (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.[37]

"[A]n employer's failure to satisfy just one requirement of the safe harbor regulation conclusively demonstrates that an otherwise qualified group insurance plan is an employee welfare benefit plan under ERISA."[38] With respect to the second prong, a plan that guarantees a minimum level of employee participation is not completely voluntary.[39] For the third prong, or "endorsement," courts have held that by serving as a plan administrator, an employee organization endorses the plan for the purposes of ERISA preemption.[40] Another factor that "suggest[s] endorsement [is] the policy being self-described as an ERISA plan."[41]

---

[37] 29 C.F.R. § 2510.3–1(j).

[38] *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1151–52 (9th Cir. 2000).

[39] *See Chamblin v. Reliance Standard Life Ins. Co.*, 168 F. Supp. 2d 1168, 1171 (N.D. Cal. 2001).

[40] *See Kanne*, 867 F.2d at 493; *Sarraf v. Standard Ins. Co.*, 102 F.3d 991, 993 (9th Cir. 1996); *see also Gonzalez v. United of Omaha Life Ins. Co.*, No. CV 12-2002 BRO (SPX), 2013 WL 12133687, at *6–7 (C.D. Cal. Oct. 22, 2013) (describing Ninth Circuit precedent).

[41] *Gonzalez*, 2013 WL 12133687 at *7.

Reliance argues that Gray cannot satisfy the second and third prongs because of the policy's provisions guaranteeing minimum participation and endorsing the plan.[42] Gray explicitly challenges the authenticity of this document, however.[43] Although Reliance offers the plausible explanation that Gray's proffered document is the Certificate of Insurance and its document is the policy referred to in that certificate,[44] I cannot consider the policy in resolving this motion.[45] Reliance also points to LAPPL member alerts as evidence of endorsement, but these documents are not incorporated by reference into the complaint. So I cannot consider them without treating the motion as one for summary judgment, which I decline to do.[46]

However, Gray's own document—the Certificate of Insurance—suggests that LAPPL endorsed the long-term disability plan. The contents of this document are alleged in Gray's complaint and neither party challenges its authenticity.[47] It identifies LAPPL as the plan administrator, suggesting endorsement of the plan.[48] It also includes an "ERISA Statement of Rights," further suggesting endorsement of the plan.[49] I thus find that Gray alleges facts showing that LAPPL endorsed the long-term disability plan, so the plan fails to meet at least one

---

[42] ECF No. 5 at 6–7.

[43] ECF No. 6 at 5–6.

[44] ECF No. 7 at 4–5.

[45] *Coto Settlement*, 593 F.3d at 1038; *see also Sgro*, 532 F.3d at 943 n.1 ("[W]here the parties disagree as to whether the plan documents accurately reflect the terms of the plan as it was actually implemented, consideration of such documents does not resolve the relevant issues in the context of a motion to dismiss.").

[46] FED. R. CIV. P. 12(d).

[47] ECF No. 1 at ¶¶ 12, 26–27.

[48] ECF No. 6-3 at 38.

[49] *Id.* at 48–50.

8

of the four safe-harbor criteria. Accordingly, the LAPPL long-term disability plan is not excluded from the definition of "employee welfare benefit plan" by the safe-harbor provision.

Because Gray does not dispute that the long-term disability is an "employee welfare benefit plan" under 29 U.S.C. § 1002(1), and neither of the two cited exceptions apply, the LAPPL long-term disability plan is governed by ERISA and, thus, Gray's state- and common-law claims are preempted by that act unless Gray can plead true facts to show that the governmental-exception applies.[50]

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Reliance's motion to dismiss **[ECF No. 5] is GRANTED.** Gray's claims against Reliance are **dismissed without prejudice.** If Gray can state true facts to plausibly allege that the plan was the product of collective bargaining, he must file an amended complaint by **September 17, 2019.** If he fails to do so, this case will be dismissed with prejudice and without further prior notice.

Dated: September 3, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[50] *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (ERISA preempts state- and common-law claims that "relate to" an employee benefit plan governed by ERISA) (citing 29 U.S.C. § 1144(a)).